IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BART WAYNE WOODARD                                                                    PLAINTIFF

v.                                    Civil No. 6:17-06126

CORRECTIONAL OFFICER GRIFFIN,
SERGEANT HENERY, LIEUTENANT
CARL, CAPTAIN KING, MAJOR
ARNOLD, and MAJOR BOLLEN                                                          DEFENDANTS

## ORDER

The instant matter is a civil rights action filed by the Plaintiff, Bart Woodard, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. (ECF No. 1, 9). He is currently incarcerated in the Arkansas Department of Correction, Ouachita River Unit, and alleges that his constitutional rights were violated when the staff failed to protect him from assault by an inmate.

Before the Court is the Defendants' Motion to Dismiss. (ECF No. 14). The Defendants assert that Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies before filing suit. The Plaintiff has not responded to the motion.

The Prison Litigation Reform Act (PLRA) in 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim

to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id*.

"[F]ailure to exhaust available administrative remedies is an affirmative defense, not a matter of subject matter jurisdiction." *Lenz v. Wade*, 490 F.3d 991, 993 n. 2 (8th Cir. 2007). However, dismissal for failure to exhaust can occur prior to the summary judgment stage if the complaint makes it clear that the plaintiff failed to exhaust.

Here, the Plaintiff's Complaint states that he did not present the facts relating to his complaint in the written prisoner grievance procedure. The Plaintiff further states that he was in fear of retaliation because his complaint involved an ADC staff member and an inmate Marshall who was recently transferred to another unit. (ECF No. 1). Plaintiff's subjective fears do not excuse exhaustion. The Eighth Circuit has stated "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[e]xhaustion is mandatory").

Accordingly, the instant motion (ECF No. 14) should be, and hereby is, **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 7th day of March, 2018.

*/s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE